**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-00212-DCG** |
| | § | |
| **MUKESH KUMAR,** | § | |
| ***Respondent*.** | § | |

**ORDER GRANTING GOVERNMENT'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER TO ADMINISTER INVOLUNTARY HYDRATION AND NUTRITION**

Before the Court is Petitioner United States of America's Emergency Motion for Temporary Restraining Order to Perform Medical Examinations and to Administer Involuntary Hydration and Nutrition. The Court, having fully considered the Complaint, Motion for Emergency Temporary Restraining ("Motion") submitted therewith, and all matters of record herein, finds that the Temporary Restraining Order should be and is hereby **GRANTED**.

Specifically, the Court finds that Petitioner is likely to succeed on the merits of its claim that Respondent Mukesh Kumar does not have the right to cause his own death or other permanent damage by refusing hydration and nutrition.

The Court further finds that both Petitioner and Respondent will suffer irreparable harm if Respondent does not receive immediate medical examinations, intravenous hydration, and nutrition administered via nasogastric tube and/or by intravenous methods, as stated in the Motion. If Respondent is permitted to continue his hunger strike without adequate hydration and nutrition, he may be subject to permanent organ damage and other harm, including, potentially, death.

In addition, Petitioner will suffer significant harm if Respondent is permitted to continue his hunger strike without adequate hydration and nutrition. For example, Petitioner may become

subject to severe public scrutiny and may be the target of litigation related to an alleged failure to provide adequate medical care. Other detainees are likely to start hunger strikes in attempts to manipulate staff and obtain various benefits and privileges. In addition, the death of a detainee will increase security risks at Petitioner's facility, posing a danger to all detainees and staff alike.

Finally, the Court finds good cause to issue this temporary restraining order because there is insufficient time for Respondent to be heard on these claims before the parties are subject to irreparable harm.

**IT IS THEREFORE ORDERED** that the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, through competent medical authority, may perform physical evaluations and medical examinations on Respondent, including physical examinations, orthostatic vital sign monitoring, weight monitoring, and laboratory tests.

**IT IS FURTHER ORDERED** that the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, through competent medical authority, is authorized to provide a nutritional supplement (such as Boost) to Respondent in the amounts deemed necessary to avoid serious bodily harm. The U.S. Department of Homeland Security, U.S. Immigration and Customs and Enforcement, is ordered to add nutrients, including but not limited to: vitamins, electrolytes, and trace elements, to the supplement, deemed necessary by the medical staff for the medical welfare of the Respondent, and that the addition of said nutrients will be without knowledge and consent of the Respondent.

**IT IS FURTHER ORDERED** that in the event Respondent fails to voluntarily consume the nutritionally supplemented Boost, Petitioner, through its designated physicians and other medically qualified personnel, is authorized to administer involuntary intravenous hydration and nutrition via a nasogastric tube and/or by intravenous methods on Respondent. The nasogastric

tube used should be the 12 French tube, unless it is medically unfeasible to use the 12 French tube. Petitioner, through its designated physicians and other medically qualified personnel, is further authorized to restrain Respondent if necessary to perform these functions.

**IT IS FURTHER ORDERED** that this case is **SET** for a **STATUS HEARING** on **June 27, 2022 at 8:00 a.m.** The Court will hear evidence regarding the medical status of Respondent. The Court does not require Respondent's presence for this hearing, but if he elects to be present, the Government shall make arrangements for his transport. The Government shall also make arrangements for an interpreter.

This order **SHALL EXPIRE** 14 days from its issuance unless it is extended for good cause in accordance with Federal Rule of Civil Procedure 65(b)(2).

Petitioner shall not be required to post a bond.

**SO ORDERED and SIGNED this 17th day of June 2022**.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**