FILED
2022 JUN 30 PM 5:23
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** <br> **Petitioner,** | § <br> § | |
| | § | |
| v. | § | **CASE NO. EP-22-CV-00212-DCG** |
| | § | |
| **MUKESH KUMAR,** <br> **Respondent.** | § <br> § | |

**ORDER EXTENDING TEMPORARY RESTRAINING ORDER TO ADMINISTER INVOLUNTARY HYDRATION AND NUTRITION**

On June 17, 2022, this Court granted Petitioner United States of America's Emergency Motion for Temporary Restraining Order to Perform Medical Examinations and to Administer Involuntary Hydration and Nutrition. ECF No. 6. Thereafter, the Parties presented the Court with substantive updates on Respondent's medical condition during two status hearings held on Monday, June 27, 2022, and Thursday, June 30, 2022. The Court, having fully considered the Complaint, Motion for Emergency Temporary Restraining (Motion) submitted therewith, the testimony and evidence presented at both status hearings, and all matters of record herein, finds good cause, in accordance with Federal Rule of Civil Procedure 65(b)(2), to extend the current Order for an additional 14 days.

Specifically, the Court finds that Petitioner is likely to succeed on the merits of its claim that Respondent Mukesh Kumar does not have the right to cause his own death or other permanent damage by refusing hydration and nutrition.

The Court further finds that both Petitioner and Respondent will suffer irreparable harm if Respondent does not receive immediate medical examinations, intravenous hydration, and nutrition administered via nasogastric tube and/or by intravenous methods, as stated in the Motion.

If Respondent is permitted to continue his hunger strike without adequate hydration and nutrition, he may be subject to permanent organ damage and other harm, including, potentially, death.

In addition, Petitioner will suffer significant harm if Respondent is permitted to continue his hunger strike without adequate hydration and nutrition. For example, Petitioner may become subject to severe public scrutiny and may be the target of litigation related to an alleged failure to provide adequate medical care. Other detainees are likely to start hunger strikes in attempts to manipulate staff and obtain various benefits and privileges. In addition, the death of a detainee will increase security risks at Petitioner's facility, posing a danger to all detainees and staff alike.

**IT IS THEREFORE ORDERED** that the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), through competent medical authority, may continue to perform physical evaluations and medical examinations on Respondent, including physical examinations, orthostatic vital sign monitoring, weight monitoring, and laboratory tests.

**IT IS FURTHER ORDERED** that the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, through competent medical authority, is authorized to provide a nutritional supplement (such as Boost) to Respondent in the amounts deemed necessary to avoid serious bodily harm. The U.S. Department of Homeland Security, U.S. Immigration and Customs and Enforcement, is ordered to add nutrients, including but not limited to: vitamins, electrolytes, and trace elements, to the supplement, deemed necessary by the medical staff for the medical welfare of the Respondent.

**IT IS FURTHER ORDERED** that in the event Respondent refuses to voluntarily consume the nutritionally supplemented Boost and decompensates to the degree that it is medically necessary to administer involuntary nutrition via a nasogastric tube, ICE Doctor is to immediately notify Petitioner's Counsel, who will notify Respondent's Counsel, and the Court. The Court will

conduct a hearing as soon as possible to determine whether involuntary nutrition through a nasogastric tube should commence. Petitioner, through its designated physicians and other medically qualified personnel, will then be authorized to administer involuntary intravenous hydration and nutrition via a nasogastric tube and/or by intravenous methods on Respondent. In the event this becomes medically necessary, the nasogastric tube used should be the 12 French gauge tube, unless it is medically unfeasible to use the 12 French gauge tube. Petitioner, through its designated physicians and other medically qualified personnel, is further authorized to restrain Respondent if necessary to perform these functions. This order shall expire 14 days from its issuance unless it is extended for good cause in accordance with Federal Rule of Civil Procedure 65(b)(2).

Petitioner shall not be required to post a bond.

SO ORDERED, this 30th day of June, 2022 at 5:21 a.m./p.m.

DAVID C. GUADERRAMA
United States District Court Judge

APPROVED AS TO FORM

/S/ Joe Veith
Joe Veith
Counsel for Respondent